# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Keith, being first duly sworn, hereby depose and state as follows:

1. That your affiant is a Deportation Officer, U.S. Immigration and Customs Enforcement, United States Department of Homeland Security, and a graduate of the Federal Law Enforcement Training Center (FLETC). I have been employed as a federal officer for over twenty-nine years. I have served as a U.S. Border Patrol Agent, a Deputy U.S. Marshal (1811, Criminal Investigator), a Federal Air Marshal, and an Immigration and Customs Enforcement Deportation Officer. I have also served as a sworn Deputy Sheriff in Greenville County, South Carolina. I have conducted numerous investigations, including investigations into administrative and criminal violations of the Immigration & Nationality Act (INA).

2. That the information contained in this affidavit is based on your Affiant's personal participation in this investigation and from information provided to your Affiant by other law enforcement officers. This Affidavit is being submitted for the limited purpose of establishing probable cause to support the arrest of **Zacarias HERNANDEZ-REYNOSA** (hereafter referred to as **HERNANDEZ**) and I have not included each and every fact known to me concerning this investigation and have set forth only those facts that I believe are necessary for said purpose.

3. That on October 10th, 2026, your affiant received information that the Jackson County, North Carolina Sheriff's Office had arrested an individual, "Zacarias Hernandez", for local charges of Felony Failure to Register as a Sex Offender {NC GS 14-208.11} and booked him into the Jackson County Detention Center in Sylva, NC.

4. That on October 12th, your affiant received a biometric match to an Illegal Alien Query (IAQ) submitted by the Jackson County Detention Center in Sylva, NC. That this affiant performed research in immigration enforcement databases, using information provided by the biometric match, and identified the individual, that the Jackson County Sheriff's Office had arrested and booked into the Jackson County Detention Center as "Zacarias Hernandez", as being **Zacarias HERNANDEZ-REYNOSA**, Alien# 091 901 967, FBI# 835721HA3, and FIN# 14586076, an alien who had been issued a Final Order of Removal by an Immigration Judge at Huntsville, TX pursuant to allegations under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act (ACT), on March 5th, 1997.

5. That ICE ERO Hendersonville officers filed an I-247A (Immigration Detainer/ Notice of Action) and I-205 (Warrant of Removal/Deportation) with the Jackson County Detention Center.

6. That your affiant obtained a copy of the October 10th, 2026, arrest fingerprints of "Zacarias Hernandez" from the North Carolina State Bureau of Investigation and submitted them directly to DHS and FBI databases. This submission again established a biometric match that "Zacarias Hernandez" is in fact the same **Zacarias HERNANDEZ-REYNOSA** that had been previously issued a Final Order of Removal from the United States on March 5th, 1997, and removed from the United States to Mexico through Laredo, Texas on January 14th, 2004. **HERNANDEZ's** fingerprints identified him as being previously assigned FBI# 835721HA3, Alien# 091 901 967, and DHS Fingerprint Identification Number (FIN) 14586076. The NCIC record and other law enforcement indices revealed that **HERNANDEZ** was previously deported from the United States on at least two occasions.

7. That your Affiant reviewed immigration file A# 091 901 967 related to **HERNANDEZ** and discovered the following:

   a. That **HERNANDEZ's** true name is **Zacarias HERNANDEZ-REYNOSA**;
   b. That **HERNANDEZ** was born in San Luis Potosi, Mexico;
   c. That **HERNANDEZ** is a native and citizen of Mexico;
   d. That **HERNANDEZ** entered the United States at an unknown place at an unknown time;
   e. That on February 20th, 1997, ICE ERO officers in Huntsville, Texas encountered and interviewed **HERNANDEZ** while **HERNANDEZ** was in the custody of the Texas Department of Criminal Justice serving two concurrent sentences for Aggravated Sexual Assault of a Child Under 14 {TX PC 22.021(a)(2)(B)};
   f. That ICE ERO officers served **HERNANDEZ** an I-221 (Order to Show Cause and Notice of Hearing) advising him that he would be brought before an Immigration Judge to answer charges that he had violated his previously granted immigration status by his conviction of an Aggravated Felony as defined in section 101(a)(43) of the INA;
   g. That **HERNANDEZ** had previously been granted Lawful Permanent Status on December 1st, 1990, as a native and citizen of Mexico who had initially entered the United States in 1988 without inspection and subsequently applied for status as a Temporary Agricultural Worker;

h. That on March 5th, 1997, **HERNANDEZ** was issued a Final Removal Order by an Immigration Judge at Huntsville, TX per section 241(a)(2)(A)(iii) of the INA as alien who had been convicted at any time after entry of an Aggravated Felony as defined in section 101(a)(43) of the INA;
i. That this Final Removal Order revoked any legal immigration status that **HERNANDEZ** had been previously granted;
j. That on January 13th, 2004, **HERNANDEZ** was released from the Texas Department of Criminal Justice at the conclusion of his criminal sentence and served an I-200 (Warrant of Arrest) by ICE officers and placed into immigration detention;
k. That on January 14th, 2004, **HERNANDEZ** was issued an I-205 (Warrant of Removal/Deportation) and an I-294 (Warning to Alien Removed or Deported) informing **HERNANDEZ** that as an alien previously convicted of an aggravated felony that he is permanently barred from entering, attempting to enter, or being in the United States and that he may be charged criminally under federal statute for doing so;
l. That on January 14th, 2004, **HERNANDEZ** was removed from the United States to Mexico, on foot, through the Laredo, Texas, Port of Entry;
m. That **HERNANDEZ** illegally reentered the United States at or near an unknown place on or about an unknown date;
n. That on May 17th, 2007, ICE ERO officers encountered **HERNANDEZ** at the Habersham County Detention Center after his arrest by the Habersham County, Georgia, Sheriff's Office for local charges of DUI-Alcohol. **HERNANDEZ** was Mirandized and interviewed by an ICE ERO officer at which time he admitted to being a native and citizen of Mexico who had been previously deported from the United States. An ICE detainer was lodged against **HERNANDEZ** and **HERNANDEZ** was served an I-871(Notice of Intent/Decision to Reinstate Prior Order);
o. That on December 14th, 2007, **HERNANDEZ** was sentenced in the Northern District of Georgia to 42-months confinement, 3-years supervised release, and a $100 assessment in case# 2:07-cr-00021-SCJ-SSC for violating 8 USC 1326(a)&(b)(2);
p. That on June 8th, 2010, **HERNANDEZ** was served an I-205 (Warrant of Removal/Deportation) and an I-294 (Warning to Alien Removed or Deported) informing **HERNANDEZ** that as an alien previously convicted of an aggravated felony that he is permanently barred from entering, attempting to enter, or being in the United States and that he may be charged criminally under federal statute for doing so;
q. That on June 9th, 2010, **HERNANDEZ** was removed to Mexico, on foot, via the Brownsville, TX Port of Entry;
r. That **HERNANDEZ** illegally reentered the United States at or near an unknown place on or about an unknown date;

s. That on June 25th, 2022, **HERNANDEZ** was arrested in North Carolina by the Swain County Sheriff's Office for DWI and subsequently convicted of DWI-Level 5 on April 10th, 2023, in the Swain County District Court and sentenced to 60-days confinement and 12-months unsupervised probation;

t. That on October 10th, 2026, **HERNANDEZ** was arrested in the Western District of North Carolina by the Jackson County Sheriff's Office for Felony Failure to Register as a Sex Offender {NC GS 14-208.11};

u. That on October 12th, 2026, the Hendersonville, NC ICE ERO office received a biometric match for **HERNANDEZ** from the Jackson County Detention Center where he was detained after his arrest for Felony Failure to Register as a Sex Offender and an ICE ERO officer lodged an I-247A ICE detainer;

v. That on October 20th, 2026, **HERNANDEZ** was released to ICE custody after posting bond on his local charges. **HERNANDEZ** was served a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) and a Form I-294 (Warning to Alien Ordered Removed or Deported) informing him that as an alien previously convicted of an aggravated felony that he is permanently barred from entering, attempting to enter, or being in the United States and that he may be charged criminally under federal statute for doing so;

w. That HERNANDEZ is currently in ICE custody pending prosecution under 8 USC 1326(a)&(b)(2), Reentry of Deported/Removed Aliens Previously Convicted of an Aggravated Felony;

8. That on October 20th, 2026, your Affiant conducted automated record checks of immigration indices and was unable to locate any record that **HERNANDEZ** was granted permission by the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States after deportation/removal;

9. That on November 19th, 1996, **HERNANDEZ** was convicted of an Aggravated Felony as defined in section 101(a)(43) of the INA, when he was convicted in Criminal District Court #2 in Tarrant County, Texas of two counts of Aggravated Sexual Assault of a Child Under 14 {TX PC 22.021(a)(2)(B)} in Tarrant County case# 0608701D and case# 0608707D and sentenced to concurrent 8-year terms of confinement;

10. That there is probable cause to believe that **Zacarias HERNANDEZ-REYNOSA**, having been found in the United States on or about October 10th, 2026, after in fact being previously arrested and removed from the United States, and having entered the United States without obtaining permission from the Attorney General of the United States or the designated Secretary of the Department of Homeland Security to reapply for admission into the United States, and having been convicted of an aggravated felony as defined in section 101(a)(43) of

the INA, is in the United States in violation of Title 8 United States Code, Section 1326(a)&(b)(2).

Further your affiant sayeth not.

*This affidavit was reviewed by AUSA Don Gast.*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Christopher Keith
October 21st, 2026
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

The Affiant testified under oath to the contents of this Affidavit, this the 21st Day of October, 2026.

W. Carleton Metcalf
United States Magistrate Judge
Western District of North Carolina